[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Plaintiff, Carmen Rivera, seeks to recover damages from her employer, defendant Calbox Corporation for the severance of her right hand which occurred when she inserted her hands into a machine press cutting pieces for a puzzle. She claims in her complaint that she was required by the defendant to insert her hands into the jaws of the press to push the cut pieces out of the press, that the defendant knew of the danger of this procedure, that the machine press had malfunctioned in such a manner on several occasions, and that the malfunctions had previously caused severed and disfigured body parts to other employees. The plaintiff further alleges that the defendant refused to equip the machine with protective devices or allow employees to use safer methods to push out puzzle pieces, and that the defendant did not warn the plaintiff of the danger of the procedure. The plaintiff applied for, and was awarded, workers compensation benefits for the injury.
On April 1, 1997, the defendant filed this motion to strike the plaintiffs complaint on the ground that the complaint fails to state a cause of action upon which relief may be granted because the plaintiffs exclusive remedy is pursuant to the Workers' Compensation Act, General Statutes § 31-284.
In Anulis v. Saks Fifth Avenue, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152860 (January 7, 1997) (Lewis, J.) the court denied a motion to strike based on the exclusivity of the Workers' Compensation Act where the plaintiff claimed he was injured when his employer, knowing of his light duty restriction and CT Page 1771 being warned of plaintiff's likelihood of being injured nevertheless instructed him to do certain work. Relying onSuarez v. Dickmont Plastics Corp., 229 Conn. 96 (1994) Judge Lewis held that these allegations were sufficient to satisfy the narrow exception to the exclusivity of the Workers' Compensation Act for injuries which are "substantially certain" to follow from an employer's conduct. In Recaldev. Werner Pfleider Corp., 18 CONN. L. RPTR. No. 4 (January 6, 1997) Judge Corradino held that an allegation that the employer "should have known" that injuries to an employee would result was insufficient, but recognized that the exclusivity clause does not bar a product manufacturer sued for product liability from a bringing a third party action for contribution against the injured plaintiff's employer if the injury resulted from the intentional conduct of the employer.
The allegations in the present case alleging intentional conduct on the part of an employer that was substantially certain to result in injury to an employee are sufficient to qualify for the narrow exception to the exclusivity provision.
It is noted also that Judge Leheny recently ruled that a special defense rather than a motion to strike is the proper procedure to raise the defense of the exclusivity provision of the Workers' Compensation Act. Allison,Administrator v. Silverlieb, 20 CONN. L. RPTR. No. 18, 616 (January 26, 1998).
Motion to Strike denied.
Jerry Wagner Judge Trial Referee